ADAMS, Justice.
This is a medical malpractice case wherein Ronald D. Holderfield alleges that Dr. Kendrel M. Helton negligently extracted an impacted wisdom tooth and caused Holder-field to contract osteomyelitis. As a result of his osteomyelitis, he underwent several operations and lost a portion of his jawbone. Following the trial, the jury returned a verdict in favor of Dr. Helton.
Holderfield appeals, arguing that the trial court erred in failing to restrict testimony regarding Holderfield’s alleged dependence on alcohol and/or drugs. He not only contends that evidence was improperly allowed on this subject, but also asserts that the trial court erred in failing to give curative jury instructions regarding that evidence. We disagree.
In December 1985, Holderfield saw Dr. Helton regarding pain in the right side of his mouth. Dr. Helton found an abscessing molar in the upper right side of Holder-field’s mouth and performed the first phase of a root canal. Holderfield did not return to Dr. Helton’s office until January 3, 1986; at which time he was complaining of pain in the lower right side of his mouth. During this visit, Dr. Helton noted several problems: Holderfield’s failure to have restorative work on an earlier root canal filling performed in 1980 and 1982; a cavity in a second molar; and an embedded wisdom tooth.
Dr. Helton then performed the necessary procedures to correct these problems and he also found that Holderfield had a condition known as a “dry socket,” which caused him substantial pain. He treated Holder-field, but did not see any sign of infection. The dry socket treatment was repeated on January 10, and on January 15 Holderfield began complaining of pain in the front of *80 his ear and radiating down into his lower jaw.[1]
Several days later, Holderfield experienced swelling outside the cheek area caused by infection. As a result, Dr. Hel-ton referred Holderfield to Dr. Charles Black and, thereafter, Holderfield was admitted to Providence Hospital by Dr. Larry Elliot, who saw Holderfield after Dr. Black had seen him. Dr. Black performed three operative procedures to drain the infected areas, and Holderfield was hospitalized for approximately 25 days.
During the trial, the defense offered evidence that Holderfield’s previous substance abuse had quite possibly weakened his immune system, thereby leaving him prone to infection. Holderfield’s attorney objected continuously to any reference to Holderfield’s substance abuse and requested curative jury instructions at the close of the trial, but the judge overruled the objections and refused the curative introductions. Holderfield repeatedly insisted that Dr. Helton was alleging that his substance abuse was the cause of his osteo-myelitis. The record reveals, however, that the evidence was offered to show, as stated above, that substance abuse weakens the immunity system, thereby making it difficult to fight infection. The evidence was clearly relevant, and we are of the opinion that the trial court did not abuse its discretion in determining that the probative value of the evidence presented outweighed its prejudicial effect. See Haney v. Mizell Memorial Hosp., 744 F.2d 1467 (11th Cir. 1984).
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. Holderfield had experienced a "pop and a crack” in his jaw the night before and because this was consistent with his history of temporo-mandibular joint syndrome, Dr. Helton prescribed a muscle relaxer and pain medication.